UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE VAN HOOK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BEN CURRY, Warden (A), and JAMES E. TILTON, Secretary of the CDCR,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | No. C 06-3148 PJH (PR)<br><br>**ORDER GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND GRANTING DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(1); DISMISSAL WITH LEAVE TO AMEND** |

This is a civil rights case filed pro se by a state prisoner. Plaintiff alleges that his First Amendment rights were violated because prison regulations prohibit R-rated movies from being shown, with the consequence that over three years not a single unedited R-rated movie was shown at his prison facility. Defendants Curry and Tilton have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of standing, arguing that plaintiff has suffered no injury in fact. In support of their motion, defendants request judicial notice under Federal Rule of Evidence 201(b) of movie ratings set by the Motion Picture Association of America. Plaintiff has opposed the motion to dismiss and the request for judicial notice.[1] For the reasons set out below, defendants' motion to dismiss and request for judicial notice will be granted.

**DISCUSSION**

**A.   Defendants' Motion for Judicial Notice**

Defendants move for judicial notice of their exhibits in support of their motion to dismiss. *See* Fed. R. Evid. 201(b). The exhibits contain movie ratings set by the Motion

---

[1] Plaintiff calls the opposition to defendants' request for judicial notice a "Motion to Exclude Defendants' Request for Judicial Notice and Exhibits Therein."

Picture Association of American (MPAA).  Federal Rule of Evidence 201(b) allows judicial notice of facts that are not subject to reasonable dispute.  Plaintiff opposes defendants' motion for judicial notice, arguing that defendants' exhibits are subject to reasonable dispute because only specially edited down (SED) versions were shown.  This is beside the point.  MPAA ratings only apply to the MPAA-rated versions of the movies.  These ratings say nothing one way or the other about whether the movies shown at plaintiff's prison facility are the R-rated versions or are edited.

Because MPAA ratings are not subject to reasonable dispute, the motion for judicial notice will be granted.

### B.  Defendants' Motion to Dismiss

Defendant argues that plaintiff does not have standing to sue because the attachments to the complaint, combined with the ratings of which the court has taken judicial notice, show that in fact R-rated films were shown at the prison during the relevant time period.

#### 1.  Standard

On a motion to dismiss, review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested.  *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  In addition, the court may take judicial notice of facts that are not subject to reasonable dispute.  *Id.* at 688 (discussing Fed. R. Evid. 201(b)).  Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party.  *Spreewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Id.*

The constitutional standing requirement derives from Article III, Section 2 of the United States Constitution, which restricts adjudication to "Cases" and "Controversies."  *Valley Forge Christian College v. Americans United for Separation of Church and State,*

*Inc.*, 454 U.S. 464, 471 (1982).  Article III standing is present only when (1) a plaintiff suffers a concrete, particularized injury which is actual or imminent; (2) there is a causal connection between the injury and the conduct complained of; and (3) the injury will likely be redressed by a favorable decision.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  The absence of any one element deprives a plaintiff of Article III standing and requires dismissal.  *See Whitmore v. Federal Election Comm'n,* 68 F.3d 1212, 1215 (9th Cir. 1995).

"Without a concrete, personal injury that is not abstract and that is fairly traceable to the government conduct that [plaintiff] challenges as unconstitutional, [plaintiff] lacks standing."  *Cato v. United States*, 70 F.3d 1103, 1109 (9th Cir. 1995) (citation omitted).  No plaintiff has standing "to complain simply that [his] Government is violating the law."  *Allen v. Wright*, 468 U.S. 737, 755 (1984).  But when in a suit challenging government action or inaction plaintiff personally was the object of the action (or foregone action) at issue, there "is ordinarily little question" that the plaintiff has suffered injury and that a judgment in his or her favor will redress it.  *Lujan*, 504 U.S. at 561-62; *Serrato v. Clark*, 486 F.3d 560, 566-67 (9th Cir. 2007) (petitioner has standing to challenge BOP's termination of boot camp because boot camp cancellation created a cognizable and concrete injury in fact that could be redressed by the court by reducing petitioner's continuing period of supervised release).

The burden of establishing standing rests with the party invoking federal jurisdiction. *Lujan*, 504 U.S. at 561.

Although standing has both constitutional and prudential elements, *Estate of McKinney v. United States*, 71 F.3d 779, 782 (9th Cir. 1995), because plaintiff has failed to meet the constitutional standing requirement, the court will not reach the prudential requirement.

**2. Analysis**

Plaintiff alleges that his First Amendment rights were violated because prison regulations – section 3220.4 of Title Fifteen of the California Code of Regulation and section 101040.4.6 of the Department of Corrections and Rehabilitation Operations Manual

3

– prohibit R-rated movies from being shown to inmates unless they are "specially edited down" (SED), with the consequence that over three years not a single unedited R-rated movie was shown at his prison facility.[2]  The injury he alleges is not being allowed to see even a single R-rated movie during the relevant period.

Plaintiff has attached to his complaint the prison's movie schedule from January 2005 to August 2007.  Pl.'s Am. Compl., Ex. 3 at 18.  The movie schedule indicates that 261 movies were shown during the three years and four were "R-edited."  *See id.* at 20, 23.  The MPAA ratings attached to defendants' request for judicial notice show that thirty-six of the movies on the list were R-rated, so obviously not all of them we R-edited.  *See* Def.'s Req. Judicial Not.  Because plaintiff "had or could have seen R-rated movies on numerous occasions during the past three years," defendants argue, plaintiff has not suffered "a concrete, particularized injury that is actual or imminent," and lacks standing to bring this lawsuit.  Def.'s Mot. Dismiss at 2.

Plaintiff argues that exhibit four of his amended complaint shows that only SED "movie[s] could be selected for viewing, but the exhibit actually is an list of SED movies that the prisoner's recreation committee wanted to have considered for viewing.  Pl.'s Am. Compl., Ex. 4 at 21.  The exhibit does not show that only SED R-rated movies were shown.  And plaintiff does not allege that defendants only showed SED or R-edited versions of R-rated movies, but merely alleges that "not a single ""R"" rated movie has been shown to the inmate population at CTF" and that defendants banned R-rated movies.

---

[2] Section 101040.4.6 of the Department of Corrections and Rehabilitation Operations Manual provides, in relevant part, "Only movies/videos with a Motion Picture Association of American (MPAA) rating of General (G), Parental Guidance (PG)m or Parental Guidance (PG-13) may be considered for general viewing by the inmate population.  Movies/videos with Specially Edited Down (SED) rating may be viewed in accordance with the provisions in this section."
Title 15, section 3220.4(b) of the California Code of Regulations provides, in relevant part, "Only those movies/videos which have been given a rating of "G," "PG," or "PG-13" by the Motion Picture Association of America (MPAA) or that have been placed on the department's discretionary showing list may be considered for viewing. Movies/videos which have been given a rating of other than "G," "PG," or "PG-13" by the Motion Picture Association of America shall not be approved for general inmate viewing. Regardless of their rating or listing, movies/videos which, in the opinion of the reviewer, glorify violence or sex, or are inflammatory to the climate of the facility shall not be shown."

United States District Court
For the Northern District of California

Under Federal Rule of Civil Procedure 10(c), an exhibit attached to the pleading "is part of the pleading for all purposes," and may be considered on a motion to dismiss (*Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987)). When an attached exhibit contradicts the allegations in the pleadings, the contents of the exhibits trump the pleadings. *See, e.g., Crenshaw v. Lister*, 2009 WL 279812 at *7 (11th Cir. Feb. 6, 2009) (holding that "'when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern;'" quoting *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir.2007)); *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 750, 754 (5th Cir. 2004) (holding that the contents of exhibit attached to pleading trumps inconsistent allegations in that pleading); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002); *KKK Architects, Inc. v. Diamond Ridge Dev. LLC*, 2008 WL 637602, *3 (C.D. Cal., Mar. 3, 2008) (citing *Thompson*). Because the exhibits in plaintiff's complaint contradict his allegation in the complaint that not a single R-rated movie was shown, for purposes of determining standing on this record, R-rated movies were shown. Thus plaintiff's allegation of injury – not being able to see even one R-rated film in three years – is not sufficient.

Plaintiff also complains about the regulation and the operating procedure that appear to ban R-rated movies. Because the regulation apparently was not enforced at his facility, he has not shown that these regulations had any effect on him. Thus his allegation regarding the regulation and operating procedure amounts to no more than a generalized grievance, that is, he has an interest in vindicating First Amendment rights and so is attacking them in the abstract – which is what the standing requirement is meant to prevent.

The motion to dismiss will be granted and the complaint will be dismissed.

### CONCLUSION

1. Defendants' motions for judicial notice (document number 20 on the docket) and to dismiss (document number 19 on the docket) are **GRANTED**. The complaint is dismissed with leave to amend within thirty days to remedy the standing defects. Plaintiff's

opposition to defendants' request for judicial notice (document number 23 on the docket) is **DENIED**.

    2.  If an amendment is not filed the case will be dismissed without further leave to amend.  If an amendment is filed, defendants shall file a dispositive motion within thirty days of the date the amended complaint is served upon them, without further order from the court.  Plaintiff's opposition, if any, is due thirty days from the date the dispositive motion is served, and defendants' reply, if any, is due fourteen days from the date the opposition is served upon them,   The motion will then be taken under consideration without oral argument.

**IT IS SO ORDERED.**

Dated: March 23, 2009.

                                                   PHYLLIS J. HAMILTON
                                                   United States District Judge

G:\PRO-SE\PJH\CR.06\VANHOOK148.MDISMISS.wpd