UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE VAN HOOK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BEN CURRY, Warden (A), and JAMES E. TILTON, Secretary of the CDCR,<br><br>　　　　Defendants.<br>_____/ | No. C 06-3148 PJH (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

　　　　This is a pro se section 1983 civil rights action filed by a prisoner at the Correctional Training Facility in Soledad. Plaintiff alleges that his First Amendment rights were violated because prison regulations prohibit unedited R-rated movies from being shown to prisoners.

　　　　Defendants have moved for summary judgment. Plaintiff has not opposed the motion, nor has he asked for an extension of time to do so. He has moved for appointment of counsel. For the reasons set out below, plaintiff's motion for counsel will be denied and the motion for summary judgment will be granted.

**DISCUSSION**

**A.　Motion for Appointment of Counsel**

　　　　Plaintiff has moved for appointment of counsel. There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

In this case plaintiff's claims are precluded by the judgments against him in state court, as discussed below. The extensive discovery plaintiff contends he needs could not produce evidence that would bear on the result, which is the consequence of a pure question of law, and not a hard one at that. Furthermore, plaintiff has presented his claims ably and tenaciously, and the issues are not particularly complex. The motion for appointment of counsel will be denied.

**B.     Motion for summary judgment**

In the court's order granting defendants' previous motion to dismiss for lack of standing, the complaint was dismissed with leave to amend. Anticipating that plaintiff would amend, the court set a schedule for dispositive motions if an amendment were filed. Plaintiff filed a motion for an extension of time to amend, which was granted, showing that he understands the need to request extensions of time if needed. The motion was granted and the amendment was deemed timely. Defendants served a motion for summary judgment on June 30, 2009. The deadline for plaintiff to oppose the motion thus was July 30, 2009. Although plaintiff filed a motion for appointment of counsel on August 4, 2009, he filed neither an opposition to the motion for summary judgment nor a motion for an extension of time to do so. The unopposed motion for summary judgment will be granted.

Defendants also have requested that the court take judicial notice of plaintiff's cases in state court involving the same issue. That request is unopposed. It will be granted.

**1.     Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may

2

1  affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
2  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury
3  to return a verdict for the nonmoving party.

4       The moving party for summary judgment bears the initial burden of identifying those
5  portions of the pleadings, discovery and affidavits which demonstrate the absence of a
6  genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986); *Nissan*
7  *Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving
8  party has met this burden of production, the nonmoving party must go beyond the
9  pleadings and, by its own affidavits or discovery, set forth specific facts showing that there
10  is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to
11  show a genuine issue of material fact, the moving party wins. *Id.*

12      **2.**    **Analysis**

13       The motion for summary judgment is unopposed. A district court may not grant a
14  motion for summary judgment solely because the opposing party has failed to file an
15  opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed
16  motion may be granted only after court determines that there are no material issues of
17  fact). The Court may, however, grant an unopposed motion for summary judgment if the
18  movant's papers are themselves sufficient to support the motion and do not on their face
19  reveal a genuine issue of material fact. *See United States v. Real Property at Incline*
20  *Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of
21  judgment for moving party without consideration of whether motion and supporting papers
22  satisfy Fed. R. Civ. P. 56), *rev'd on other grounds sub nom. Degen v. United States*, 517
23  U.S. 820 (1996); *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (same).

24       The papers in support of the motion for summary judgment show that plaintiff lost
25  state habeas cases raising the same issue (California state habeas cases may be used to
26  raise conditions of confinement claims) as he presents here – indeed, in nearly the same
27  language – at all levels of the California court system, that is, in Superior Court, the
28  California Court of Appeal, and in the California Supreme Court. Nothing appears on the

1 face of the moving papers to suggest that preclusive effect should not be allowed.

2 In addition, the moving papers are sufficient to support defendants' contention that
3 there was no violation of plaintiff's First Amendment rights when the *Turner v. Safely*
4 standard is applied. *See Turner v. Safley*, 482 U.S. 78, 89-90 (1987).

5 The movants' papers are sufficient to support the motion and do not on their face
6 reveal a genuine issue of material fact. The motion for summary judgment will be granted.

7 After entry of judgment on this ruling granting defendants' motion, plaintiff may, of
8 course, file a motion to reconsider under Rules 59(e) or 60(b) of the Federal Rules of Civil
9 Procedure. Rule 59(e) motions must be filed within ten days of entry of judgment, a time
10 that cannot be extended, and "'should not be granted, absent highly unusual
11 circumstances, unless the district court is presented with newly discovered evidence,
12 committed clear error, or if there is an intervening change in the law.'" *McDowell v.*
13 *Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). Rule 60(b)
14 motions must be filed within a reasonable time, and as to the initial three grounds for such
15 motions, within a year from entry of judgment. The grounds for a 60(b) motion are: (1)
16 mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which
17 by due diligence could not have been discovered before the court's decision; (3) fraud by
18 the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any
19 other reason justifying relief. Fed. R. Civ. P. 60(b).

20 **CONCLUSION**

21 Plaintiff's motion for appointment of counsel (document number 38 on the docket) is
22 **DENIED**. Defendants' request to take judicial notice of state court records (document
23 number 36 on the docket) is **GRANTED**. Their motion for summary judgment (document
24 number 32) also is **GRANTED.** The clerk shall close the file.

25 **IT IS SO ORDERED.**

26 Dated: September 22, 2009.

PHYLLIS J. HAMILTON
United States District Judge

28 P:\PRO-SE\PJH\CR.06\VANHOOK148.MSJ2.wpd

4